**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Cr. No. C-06-506(1) |
| CARMELO LOPEZ-NIEVES, | § § § | |
| Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR PRODUCTION OF DOCUMENTS**

Pending before the Court and addressed herein is Defendant Carmelo Lopez-Nieves' motion for production of documents. (D.E. 92.)[1] For the reasons set forth herein, the motion is DENIED.

**I. BACKGROUND**

On June 26, 2009, the Court revoked Defendant Carmelo Lopez-Nieves' supervised release term and imposed a ten-month term of custody in the Bureau of Prisons, to be followed by a 25-month term of supervised release. (D.E. 76.) Judgment for revocation was signed and entered on July 6, 2009. (D.E. 77.) The sentence in this case was to be served consecutive with the sentence the Court imposed the same day in Case No. 2:09-cr-180, which was a term of 65 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (No. 2:09-cr-180, D.E. 21, 23.)

Lopez-Nieves appealed from both the judgment of revocation in this case, and the judgment in 2:09-cr-180. He was represented both in his criminal proceedings and on appeal by the Office

---

[1] Unless otherwise specified, docket entry references are to Case No. C-06-cr-506(1).

1

of the Federal Public Defender. On appeal, his counsel filed an Anders brief and moved to withdraw in both cases. After Lopez-Nieves did not file a response in either case, the Fifth Circuit dismissed both appeals as frivolous. (D.E. 89, 90; No. 2:09-cr-180, D.E. 38, 39.) Lopez-Nieves contends that, on the same day his appeals were dismissed, he filed a motion seeking an extension of time to respond to the Anders brief. (See D.E. 92 at 12 (Exhibit G).) He also later filed a petition for re-hearing, which the Fifth Circuit denied. (D.E. 92 at 13 (Exhibit H).)

## II. MOVANT'S ALLEGATIONS

On June 1, 2010, the Clerk received from Lopez-Nieves the instant motion. It was titled "Judicial Notice-Motion for Production of Documents" and was docketed only in the instant case number. In his filing, Lopez-Nieves faults his appellate counsel, AFPD Margaret C. Ling, for various alleged errors. First, he argues that counsel failed to review the record. In support of this allegation, he claims that Ms. Ling sent him three volumes of documents containing only fifty pages and told him these were the only transcripts in the case. According to Lopez-Nieves, this allegedly contradicts the statement by counsel in her Anders brief that the record contained at least 154 pages. (D.E. 92 at 3.)

He also claims that she failed to research the relevant law. (D.E. 92 at 4.) Specifically, he claims that counsel "hid and concealed" from him and the Court "the fact she did not investigate" Lopez-Nieves' claim that his first immigration offense and deportation did not support the enhancement in his more recent case. (Id.) In support of this claim, he cites to Padilla v. Kentucky, ___ U.S. ___, 130 S. Ct. 1473 (2010) which was decided March 31, 2010, after counsel's Anders

brief was filed but prior to the Court's dismissal of his appeal.[2]  The relief that he requests is a court order directing his appellate counsel to produce the complete records and files in this criminal case, "the complete records, transcripts or files of the immigration and naturalization service ... she reviewed in the appellant's case" and "[t]he complete file of any research conducted pertaining to the appellant's cases." (D.E. 92 at 5.)  It is not clear why he seeks those documents, unless he is attempting to assert a claim of ineffective assistance of counsel.

Finally, Lopez-Nieves further claims that he is "re-assert[ing] the grounds he set forth in his motion for extension of time to file his objections to the Anders brief herein." (D.E. 92 at 4.)

### III.  ANALYSIS

As an initial matter, the Court must determine how to construe Lopez-Nieves' motion.  Notably, he raises claims that his appellate counsel was deficient, which are claims that would typically be brought in a motion pursuant to 28 U.S.C. § 2255.  Lopez-Nieves' motion does not reference 28 U.S.C. § 2255 nor does his motion request that the Court modify his sentence or conviction in any way.  Instead, he appears to be seeking relief in the form of obtaining documents and possibly additional relief on direct appeal.  Because he has not clearly evidenced an intent to file a § 2255 motion, and in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe his motion as a § 2255 motion.  Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the

---

[2] The Court is unsure what bearing Padilla has on Lopez-Nieves' case.  He claims that, if counsel had investigated his first immigration offense and deportation, then the facts of that prior removal would have resulted in a lesser amount of incarceration, "in light of Padilla." (D.E. 92 at 4.)  The holding in Padilla, however, was merely that counsel is constitutionally deficient if he fails to inform his client about whether a plea carries a risk of deportation.  See, Padilla, 130 S. Ct. at 1478, 1486.

recharacterization, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

Instead, then, the Court treats the motion merely as a request for production of documents, which is the stated relief he seeks. To the extent that Lopez-Nieves is requesting his counsel or the Court to provide copies of documents or records in his case, however, he has not shown any need for those documents. As previously noted, his appeal was dismissed as frivolous and his petition for re-hearing was denied. He does not have any pending proceedings before this Court. Accordingly, he has not presented any reasons as to why this Court should provide him with copies of portions of his file or require his counsel to do the same. Notably, moreover, by Lopez-Nieves' own admission, counsel had already provided him with transcripts in the case.[3] Thus, to the extent his motion seeks to compel additional documents from counsel or seeks court documents at government expense, it is DENIED WITHOUT PREJUDICE.

The Clerk is directed, however, to send a copy of the docket sheet in this case and the docket sheet in Case No. 2:09-cr-180 to Lopez-Nieves with his copy of this Order, along with instructions as to how to order and pay for copies of any documents. If he wishes to obtain any additional documents, he may do so at his own expense.

---

[3] Lopez-Nieves appears to believe that he was not provided with all the transcripts in his case, because he only received about 50 pages of transcripts, and counsel's Anders brief referred to higher-numbered pages of the record. This belief likely stems from a misunderstanding about what constitutes the appellate record. The appellate "record" would typically include non-transcript documents, such as the indictment in the case, a plea agreement, and court orders. In fact, the Court's own record reflects that the instant revocation case contained only 25 total pages of transcripts (D.E. 83 (8 pages) and D.E. 85 (17 pages)) and the two additional transcripts in No. 09-cr-180 contained a total of 36 additional pages (D.E. 31 (24 pages) and D.E. 33 (9 pages), for a total of 61 transcript pages for both cases. Thus, it is likely that he in fact received from counsel all transcripts pertinent to his appeal.

Finally, to the extent that Lopez-Nieves is requesting additional time to respond to the Anders brief in this case (see DE. 92 at 4 (incorporating that motion, the first page of which is attached as Exhibit E)), that is a request properly directed to the Fifth Circuit, not this Court. Moreover, the Court notes that he has already sought that relief from the Fifth Circuit, and that he subsequently filed a petition for rehearing, which was denied.

### IV. CONCLUSION

For the foregoing reasons, Lopez-Nieves' motion for production of documents (D.E. 92) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 11th day of June, 2010.

_____
Janis Graham Jack
United States District Judge